IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ALICE GRAY, SHERRY MOSS, MICHAEL DOZIER-BLAIR, JOSEPH POWELL, JANELLE BLACK and other Plaintiffs identified in Exhibit "A" attached hereto and incorporated fully herein, <br><br> Plaintiffs, <br><br> v. <br><br> DOLGENCORP, INC.; DOLGENCORP OF NEW YORK; DOLGENCORP OF OF TEXAS; and DOLLAR GENERAL PARTNERS, <br><br> Defendants. | Civil Action No. 7:06-cv-01538-LSC |

### DEFENDANT DOLGENCORP, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

The above-captioned Defendant, Dolgencorp, Inc.[1], files this its Answer to Plaintiffs' Second Amended Complaint as follows:

Regarding the allegations contained in the first unnumbered paragraph of the Second Amended Complaint, Dolgencorp, Inc. acknowledges that Plaintiffs have attached several lists to their Second Amended Complaint, but deny the lists

---

[1] Defendants Dolgencorp of Texas, Inc., Dolgencorp of New York, Inc. and Dollar General Partners have filed their objections to venue and personal jurisdiction and reserve the right to answer if necessary upon resolution of those motion pursuant to Fed. R. Civ. P. 12(b).

- 1 -

correctly identify individuals who have had trustees substituted for them and whose claims have been dismissed. Dolgencorp, Inc. also denies that this Court possesses jurisdiction over Defendants Dolgencorp of Texas, Inc., Dolgencorp of New York, Inc. and Dollar General Partners because those companies do not conduct business in or have sufficient minimum contacts with the State of Alabama.[2] Defendant further denies that the Court has personal jurisdiction over the vast majority of Plaintiffs (identified in Exhibit A to the Second Amended Complaint) who worked in other states. In addition, Defendant denies that venue properly lies in this Court with regard to the claims of most Plaintiffs[3] against any of the Defendants and object to Plaintiffs' Second Amended Complaint as an improper joinder as party plaintiffs.[4] Finally, Defendant denies that the claims of a number of the individuals listed in Exhibit A are properly before this Court based on *res judicata* and collateral estoppel because their claims were previously dismissed in a separate action.[5] Defendant denies the remaining allegations

---

[2] *See* Defendants Dolgencorp of Texas, Inc., Dolgencorp of New York, Inc. and Dollar General Partners' Motion to Dismiss Pursuant to Rule 12(B)(2) for Lack of Personal Jurisdiction. Defendant Dolgencorp, Inc. does not waive any argument regarding personal jurisdiction of Dolgencorp of Texas, Inc., Dolgencorp of New York, Inc. and Dollar General Partners by answering the Complaint.

[3] Defendants Dolgencorp of Texas, Inc., Dolgencorp of New York, Inc. and Dollar General Partners are filing a Motion to Dismiss based on improper venue contemporaneously herewith.

[4] Contemporaneously with this Answer, Dolgencorp, Inc. is filing a Rule 21 Motion to Drop all Plaintiffs Except for Michael Dozier-Blair, or in the Alternative, for Severance and Separate Trials for all Plaintiffs.

[5] Dolgencorp, Inc. is filing a Motion to Dismiss Seventy-Nine (79) Identified Plaintiffs Based On *Res* Judicata and Collateral Estoppel. These claims were dismissed with prejudice in *Edith Brown, et al. v. Dollar General.* Presumably, Plaintiffs' counsel were aware of this fact

contained in the first unnumbered paragraph of their Second Amended Complaint.

1. Dolgencorp, Inc. admits that it is a corporation conducting business and employing Dollar General Store Managers in the State of Alabama and in a number of other states in the United States. Dolgencorp, Inc. denies the remaining allegations contained in Paragraph 1 of Plaintiffs' Second Amended Complaint.

2. Dolgencorp, Inc. is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 2 of Plaintiffs' Second Amended Complaint; therefore, they are denied.

3. Defendant Dolgencorp, Inc. admits that the Plaintiffs named in Paragraph 3 worked in the stores identified at one time or another. The phrase "at all times material to this action" is vague and undefined; thus, Dolgencorp, Inc. is without knowledge or information sufficient to form a belief as to allegations modified by that phrase, and, therefore, the remaining allegations contained in Paragraph 3 are denied.

4. Dolgencorp, Inc. denies the allegations contained in Paragraph 4 of Plaintiffs' Second Amended Complaint.

5. Dolgencorp, Inc. admits that Store Managers are paid on a salary basis and not paid overtime. Dolgencorp, Inc. denies the remaining allegations contained in Paragraph 5 of Plaintiffs' Second Amended Complaint.

---

when they nonetheless included them here.

6. Dolgencorp, Inc. admits that this Court has federal question subject matter jurisdiction over this action All Defendants deny that the Court has personal jurisdiction over Defendants Dolgencorp of Texas, Inc., Dolgencorp of New York, Inc. and Dollar General Partners. Dolgencorp, Inc. further denies that venue is proper in the Northern District of Alabama, under 28 U.S.C. § 1391(b), for any Plaintiffs whose claims arose outside this District and all Defendants assert that venue is improper for any claim against Dolgencorp of Texas, Dolgencorp of New York and Dollar General Partners. Dolgencorp, Inc. denies the remaining allegations contained in Paragraph 6 of Plaintiffs' Second Amended Complaint.

7. Dolgencorp, Inc. admits that it is subject to the personal jurisdiction of this Court. All Defendants deny that Dolgencorp of Texas, Inc., Dolgencorp of New York, Inc., and Dollar General Partners are subject to the personal jurisdiction of this Court and denies the remaining allegations contained in Paragraph 7 of Plaintiffs' Second Amended Complaint.

8. Dolgencorp, Inc. admits that some, but not all, Plaintiffs were employees of Dolgencorp, Inc., the only Defendant in whom the Court has jurisdiction. Dolgencorp, Inc. admits it is an enterprise under the FLSA. The phrase "at all times material to this action" is vague and undefined; thus, Dolgencorp, Inc. is without knowledge or information sufficient to form a belief as to allegations modified by this phrase, and, therefore, they are denied. Dolgencorp,

- 4 -

Inc. denies the remaining allegations contained in Paragraph 8 of Plaintiffs' Second Amended Complaint.

9. Dolgencorp, Inc. admits that some, but not all, Plaintiffs were employed by Dolgencorp, Inc., the only Defendant over whom the Court has personal jurisdiction. The phrase "at all times material to this action" is vague and undefined; thus, Dolgencorp, Inc. is without knowledge or information sufficient to form a belief as to allegations modified by this phrase, and, therefore, they are denied. Dolgencorp, Inc. denies the remaining allegations contained in Paragraph 9 of Plaintiffs' Second Amended Complaint.

10. Dolgencorp, Inc. admits that some, but not all, Plaintiffs were employed by Dolgencorp, Inc., the only Defendant over whom the Court has personal jurisdiction. The phrase "at all times material to this action" is vague and undefined; thus, Dolgencorp, Inc. is without knowledge or information sufficient to form a belief as to allegations modified by this phrase, and, therefore, they are denied. Dolgencorp, Inc. denies the remaining allegations contained in Paragraph 10 of Plaintiffs' Second Amended Complaint.

11. Dolgencorp, Inc. admits the FLSA applies to Defendants and Plaintiffs. Dolgencorp, Inc. denies the remaining allegations contained in Paragraph 11 of Plaintiffs' Second Amended Complaint.

12. Dolgencorp, Inc., admits that it, the only Defendant over whom the Court has personal jurisdiction, employed some, but not all, of the Plaintiffs at one time as Store Managers. The phrase "at all times relevant to this action" is vague and undefined; thus, Dolgencorp, Inc. is without knowledge or information sufficient to form a belief as to the allegations modified by this phrase, and, therefore, they are denied. Dolgencorp, Inc. denies the remaining allegations contained in Paragraph 12 of Plaintiffs' Second Amended Complaint.

13. Dolgencorp, Inc. admits that the duties and responsibilities of a Dollar General Store Manager are necessary, integral and essential to its business. Dolgencorp, Inc. denies the remaining allegations contained in Paragraph 13 of Plaintiffs' Second Amended Complaint.

14. Dolgencorp, Inc. admits that its Store Managers are required to perform managerial duties. Dolgencorp, Inc. denies the remaining allegations contained in Paragraph 14 of Plaintiffs' Second Amended Complaint.

15. Dolgencorp, Inc. denies the allegations contained in Paragraph 15 of Plaintiffs' Second Amended Complaint.

16. The meaning of "systems, practices and duties" as it pertains to Plaintiffs and others purportedly similarly situated is vague and undefined; thus, Dolgencorp, Inc. is without knowledge or information sufficient to form a belief as to the truth of allegations modified by this phrase, and, therefore, they are denied.

Dolgencorp, Inc. denies the remaining allegations contained in Paragraph 16 of Plaintiffs' Second Amended Complaint.

17. Dolgencorp, Inc. denies the allegations contained in Paragraph 17 of Plaintiffs' Second Amended Complaint.

18. Dolgencorp, Inc. denies the allegations contained in Paragraph 18 of Plaintiffs' Second Amended Complaint.

19. Dolgencorp, Inc. denies the allegations contained in Paragraph 19 of Plaintiffs' Second Amended Complaint.

20. Dolgencorp, Inc. denies the allegations contained in Paragraph 20 of Plaintiffs' Second Amended Complaint.

21. Dolgencorp, Inc. denies the allegations contained in Paragraph 21 of Plaintiffs' Second Amended Complaint.

22. Dolgencorp, Inc. denies the allegations contained in Paragraph 22 of Plaintiffs' Second Amended Complaint.

23. Dolgencorp, Inc. denies the allegations contained in Paragraph 23 of Plaintiffs' Second Amended Complaint.

24. Dolgencorp, Inc. denies the Plaintiffs' entitlement to the damages and other relief requested in Paragraphs 24-27 of their prayer for relief.

25. To the extent not expressly admitted or modified, Dolgencorp, Inc. denies the remaining allegations contained in Plaintiffs' Second Amended Complaint.

## DEFENSES

1. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, to the extent Plaintiffs are asserting a claim under the Fair Labor Standards Act for compensation outside the applicable statute of limitations, said claims are barred.

2. Subject to and without waiving any prior objection, answers or defenses, Plaintiffs are exempt employees under the executive exemption of the Fair Labor Standards Act in that they have met all the criteria for that exemption and, therefore, were not legally entitled to overtime compensation as requested in their Second Amended Complaint.

3. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Dolgencorp, Inc. acted in good faith in classifying Plaintiffs as exempt employees based upon their duties and responsibilities at the stores in question. Such good faith is based upon the applicable statute, regulations and case law.

4. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Dolgencorp, Inc. states that its conduct was not willful.

5. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Dolgencorp, Inc. states that Plaintiffs' claims for liquidated damages are subject to the applicable limitations on such damages as set forth in 29 U.S.C. § 216.

6. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Dolgencorp, Inc. alleges Plaintiffs are not entitled to any recovery for the damages asserted as all monies due and owing to Plaintiffs was paid by Dolgencorp, Inc. Specifically, and without limitation, Plaintiffs were, at all relevant times, properly classified as exempt employees under 29 U.S.C. § 213 *et seq.* and, therefore, are not entitled to overtime as that term is defined by the Fair Labor Standards Act ("FLSA").

7. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Dolgencorp, Inc. alleges that this Court does not have personal jurisdiction over any Plaintiffs that currently reside outside of or never worked at a Dollar General store within the Northern District of Alabama, Western Division.

8. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Dolgencorp, Inc. alleges that this Court does not have personal jurisdiction over Dolgencorp of Texas, Inc., Dolgencorp of New York, Inc. and/or Dollar General Partners.

9. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Dolgencorp, Inc. alleges that venue in the Northern District of Alabama, Western Division, is improper as to all Plaintiffs whose claims arose outside that District or asserted against Dolgencorp of Texas, Inc., Dolgencorp of New York, Inc. and Dollar General Partners.

10. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Plaintiffs fail to state a claim upon which relief can be granted as to those claims that were dismissed previously in the *Edith Brown, et. al. v. Dollar General* pursuant to the doctrines of collateral estoppel and *res judicata*.

11. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Plaintiffs cannot recover under the FLSA both prejudgment interest and liquidated damages.

12. Dolgencorp, Inc. reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceeding in this action.

WHEREFORE, having fully answered, Dolgencorp, Inc. prays that judgment be entered in their favor and for their costs, including reasonable attorneys' fees.

Respectfully submitted,

*s/Joel S. Allen*

Ronald E. Manthey (*Admitted Pro Hac Vice*)
Texas State Bar No. 12927400
Joel S. Allen (*Admitted Pro Hac Vice*)
Texas State Bar No. 00795069
Melissa M. Hensley (*Admitted Pro Hac Vice*)
Texas State Bar No. 00792578
BAKER & MCKENZIE LLP
2001 Ross Avenue, Suite 2300
Dallas, Texas 75201
Telephone: 214.978.3000
Facsimile: 214.978.3099

J. Trent Scofield
**OGLETREE, DEAKINS,
 NASH SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, AL 35203-2118
Telephone: 205.328.1900
Facsimile: 205.328.6000

Keith D. Frazier
Elizabeth S. Washko
**OGLETREE, DEAKINS,
 NASH SMOAK & STEWART, P.C.**
SunTrust Center, Suite 800
424 Church Street
Nashville, TN 37219
Telephone: 615.254.1900
Facsimile: 615.254.1908

ATTORNEYS FOR DEFENDANTS
DOLGENCORP, INC., DOLGENCORP OF
NEW YORK, DOLGENCORP OF TEXAS
and DOLLAR GENERAL PARTNERS

- 11 -

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record via the Court's CM/ECF Filing System on September 19, 2006, as follows:

Roman A. Shaul, Jere L. Beasley
and Wilson Daniel Miles, III
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
272 Commerce Street, P.O. Box 4160
Montgomery, Alabama 36103-4160

*s/Joel S. Allen*
Joel S. Allen

DALDMS/586971.1